JUSTICE LEAPHART,
dissenting.
¶74 I dissent. In my view, the District Court erred in granting Aspen Trail’s post-judgment motion to intervene under M. R. Civ. P. 24.
¶75 Although there is nothing in Rule 24 that precludes post-judgment intervention, such motions are not favored. In re C.C.L.B., 2001 MT 66, ¶ 24, 305 Mont. 22, 30, 22 P.3d 646, 651. “[Tjhere is ‘considerable reluctance on the part of courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied.’” St. Charles Tower, Inc. v. County of Franklin, 2010 WL 743594 (E.D. Mo. Feb. 25, 2010) (citing Hillside Enter., Inc. v. Carlisle Corp., 944 F. Supp. 793, 798 (E.D. Mo. 1996)); Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure vol. 7A § 1916.
¶76 This Court has looked to four factors in evaluating the timeliness *67 of a motion to intervene: (1) the length of time the intervenor knew or should have known of its interest in the case before moving to intervene; (2) the prejudice to the original parties, if intervention is granted, resulting from the intervenor’s delay in making its application to intervene; (3) the prejudice to the intervenor if the motion is denied; and (4) any unusual circumstances mitigating for or against a determination that the application is timely. In re C.C.L.B. at ¶ 24. Here, where Aspen Trails knew of the litigation during the formative stages, and yet waited until after judgment was entered to seek intervention, it has failed under the first factor. When advised early on of the prospect of litigation, Aspen Trails assumed the position that the dispute was between Plaintiffs and the City. Aspen Trails knew before trial that its Environmental Assessment was going to be the subject of the trial and that its preliminary plat might be voided. Despite being on notice that its interests were at stake, Aspen Trails did nothing. It was only after defense of the litigation had been conveniently financed by taxpayer money and the City Commission decided not to appeal the adverse judgment that Aspen Trails determined that it actually had an interest in the outcome.
¶77 Given my view that the District Court abused its discretion in allowing Aspen Trails to intervene as an appellant, I would not reach the merits of the appeal.